# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RAMI SULEIMAN,

Plaintiff,

v.

AMERISAVE MORTGAGE CORPORATION,

Defendant.

CIVIL COMPLAINT

CASE NO. 1:20-cv-06916

DEMAND FOR JURY TRIAL

## COMPLAINT

**NOW COMES** Rami Suleiman ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of AmeriSave Mortgage Corporation ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC").

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a direct mortgage lender with its principle place of business is located at 3525 Piedmont Rd NE, 8 Piedmont Center, Suite 600, Atlanta, Georgia 30305. Defendant regularly conducts business with consumers in Illinois.

**FACTS SUPPORTING CAUSE OF ACTION**

6.   Around early 2020, Defendant began placing calls to Plaintiff's cellular phone in an attempt to offer him "lower mortgage rates."

7.   Defendant placed these calls to Plaintiff's cellular phone number, (630) XXX-6520.

8.   At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6520. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9.   Around the middle of 2020, Plaintiff answered a call from Defendant to his cellar telephone. During this call, Plaintiff requested that the calls cease.

10. Plaintiff's request fell on deaf ears as Defendant continued placing calls to Plaintiff's cellular telephone using an automated dialing system.

11. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between the middle of 2020 and the present day.

12. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

2

13. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to speak to Plaintiff.

14. Rather than ceasing to place calls to Plaintiff, Defendant continued to harass and abuse Plaintiff.

15. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system.

16. The telephone number Defendant most often used to place calls to Plaintiff's cellular telephone is, (630) 589-1561 but upon information and belief, Defendant has placed calls to Plaintiff's cellular telephone using other numbers.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Defendant's phone harassment campaign have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

19. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

23. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

25. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

26. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone from 2020 through the present day using an ATDS without his consent.

27. Any prior consent, if any, was revoked by Plaintiff's verbal revocation. As pled above, Plaintiff verbally revoked consent to be called on his cellular phone to no avail.

28. As pled above, Plaintiff was severely harmed by Defendant's calls to his cellular phone.

29. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

30. Upon information and belief, Defendant knew its automated calls were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

31. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, vendors, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

32. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, RAMI SULEIMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant, through its conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

35. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated his right to be left alone.

36. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day was highly intrusive and invasive.

37. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

38. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

39. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

40. These persistent calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

41. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into a new mortgage, Plaintiff had no reasonable escape from these incessant calls.

42. As detailed above, by persistently autodialing Plaintiff's cellular phone without his prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

43. Defendant's relentless conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease is highly offensive to a reasonable person.

44. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, RAMI SULEIMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III-TRESPASS TO CHATTELS

45. Claimant restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

47. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).*

48. Courts have applied this tort theory to unwanted telephone calls and text messages. See *Czech v. Wall St. On Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009)* and *Amos Financial, L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at \*8 (N.Y.Sup. Ct. June 29, 2015).*

49. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot

on another's property" is trespass." *Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).*

50. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

51. Defendant bombarded Plaintiff with numerous calls, leaving him unable to use or possess his phone in the manner in which he wanted to.

52. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting him.

53. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to his cellular telephone, the loss of battery charge, and the loss of battery life.

54. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE,** Plaintiff RAMI SULEIMAN respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Enter judgment in his favor and against Defendant;

    b.  Award Plaintiff his actual damages in an amount to be determined at trial;

    c.  Award Plaintiff punitive damages in an amount to be determined at trial;

    d.  Enjoining Defendant from contacting Plaintiff;

    e.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: November 23, 2020

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com